516

## BOARD OF EDUCATION OF CAVERNA IN-DEPENDENT SCHOOL DIST. et al. v. BUTLER et al.

Court of Appeals of Kentucky.

March 27, 1953.

Wyatt, Grafton & Grafton, L. M. Fleischer, Cornelius W. Grafton, Louisville, for appellants.

Richardson & Barrickman, Brents Dickinson, Jr., Glasgow, for appellees.

WADDILL, Commissioner.

Appellants, Board of Education of Caverna Independent School District and others, petitioned for a declaration of rights concerning questions resulting from a merger of two independent school districts, against appellees, Fiscal Court of Barren County, city of Cave City, Kentucky, and certain representative taxpayers of Barren and Hart Counties. A special demurrer to the petition was sustained on the ground that the Caverna Independent School District was without capacity to maintain the action because the merger whereby the district was created was without authoriza-tion under any statute of the Common-wealth.

KRS 160.040 provides:

"Merger of districts. Boards of Education of any two or more contiguous school districts may by concurrent action merge their districts into one. In case of a merger the members of the boards of education of the merged districts may serve out the terms for which they were elected. The resulting district shall take over all the assets and legal liabilities of the districts joining in the merger. Tax levies authorized for the payment of interest and the retirement of bonds or to create sinking funds for such purposes shall continue to be levied and collected over the same area by or for the new board in accordance with the laws under which the levies were originally made until all bonded obligations of the old district have been retired."

In 1950 the school boards of the independent school district of Horse Cave (lying wholly in Hart County) and of Cave City (lying partly in Barren County and partly in Hart County) found that neither district alone would have sufficient pupils to maintain a "Class A" high school in their respective districts. For this reason and pursuant to KRS 160.040 these two school boards began negotiations for a merger of their districts.

The terms of the merger were finally approved on March 28, 1950, by the concurrent action of both school boards which called for the creation of a new independent school district to be called Caverna, embracing all the area formerly contained in the old school districts of Cave City and Horse Cave. It was agreed that a high school be conducted at Horse Cave and a junior high school at Cave City. Provisions were made for the reduction in number of the board members as their terms should expire.

School has been conducted under this arrangement to the present time, but for sake of economy and the best interests of the children of the communities, plans were made by the combined board, then con-

**517**

sisting of all the members of the boards of the two former independent school districts, to construct a new combined junior and senior high school in Caverna Independent School District approximately halfway between the cities of Horse Cave and Cave City. A program was formulated to finance the construction of the proposed buildings by levying a special school building fund tax as authorized by KRS 160.477, which statute requires approval of the tax levy by a majority of the voters in the school district voting in an election called for that purpose. An election was held on November 7, 1950, in both Barren and Hart Counties, at which the voters in the portions of the district lying in each county were given the opportunity to express their approval or disapproval of the proposed tax. The combined total vote resulted in a majority in favor of the tax.

Certain taxpayers contend that the tax had been defeated in Barren County despite the fact that the total vote favored passage, and that the tax could not be collected in the Barren County portion of the school district. This suit was brought for a determination of this and other incidental questions. The only question before us on this appeal is that of appellants' capacity to maintain this suit. To determine this question we must decide whether two contiguous independent school districts, portions of which lie in different counties, may properly merge into a single new independent school district under the provisions of KRS 160.040.

The plain language of this statute, which says that boards of education of any two or more contiguous school districts may by concurrent action merge their districts into one, clearly includes the merger we are considering, and it must follow that unless there is some specific constitutional or other legal objection to this particular type of merger, then its validity must be upheld.

Our concern on this appeal is not the validity of the tax in the new school district, but the right of contiguous school districts to consolidate. Although the merger has given rise to some difficult questions of a fiscal nature, those problems do not create unconstitutionality or invalidate the merger.

Having concluded that the merger was authorized and effectuated according to KRS 160.040 and other pertinent sections of KRS, Chapter 160, we perceive that the court erroneously sustained appellees' special demurrer. Therefore, the judgment is reversed and the case is remanded with directions to the court to overrule the demurrer and for further proceedings not inconsistent with this opinion.